**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK PAGE  (N-21564),** | ) | |
| | ) | |
| **Plaintiff,** | ) | **13 C 6979** |
| | ) | |
| **v.** | ) | **Judge John Z. Lee** |
| | ) | |
| **AMERICAN GENERAL LIFE** | ) | |
| **INSURANCE CO., f/k/a WESTERN** | ) | |
| **NATIONAL LIFE INSURANCE CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Patrick Page ("Plaintiff"), an inmate in Pontiac Correctional Center, has sued American General Life Insurance Co., formerly known as Western National Life Insurance Co. ("American General" or "Defendant"), for breach of contract (Count I) and violation of Section 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/155 (Count II).  Plaintiff alleges that American General refused to change the beneficiaries of his father's annuity policy in accordance with a request his father made in September 2010 and another request completed by his father dated October 26, 2010.  According to Plaintiff, he is the rightful beneficiary of the policy, but rather than distributing the insurance proceeds to him upon his father's death, American General provided the benefits to the original beneficiaries.  American General moves to dismiss the Amended Complaint.  For the reasons stated herein, the Court denies the motion [21].

## **Factual Background**[1]

American General issued an annuity policy to Plaintiff's father, Paul Page. Am. Compl. at 6. Paul Page provided American General with a change-of-beneficiary form in September 2010. *Id.* at 8. The request to change beneficiaries complied with the policy requirements and was received by American General. *Id.* American General then mailed a "second" change-of-beneficiary form (referred to the company as a "Service Request Form") to his father on October 13, 2010. *Id.* at 9.

Attached to the Amended Complaint is the October 13, 2010, letter from American General, which states, in relevant part:

> We have received your request to change the beneficiary on your contract held by Western National Life Insurance Company. In order for us to process this request, additional information is required.
>
> Please complete section 2 and 6 on the enclosed Service Request Form. Please keep in mind a named beneficiary cannot witness the request. Enclosed you will find a return envelope for your convenience.

*Id.*, Ex. A, 10/13/10 Letter from T. Montgomery to Paul Page.

Plaintiff's father completed the Service Request Form in the presence of a witness and signed it on October 26, 2010. *Id.* at 9. The next day, on October 27, 2010, Plaintiff's father died of heart failure in his driveway before he could mail the form to American General. *Id.* According to Plaintiff, the first and second requests to change beneficiaries showed the intent of the insured to change beneficiaries. *Id.* Plaintiff contends that he is a rightful beneficiary of the insurance policy under both the first and second request forms. *Id.* at 10.

---

[1] When reviewing a motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all possible inferences in Plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff wrote a letter to American General on June 13, 2011, inquiring about the status of the policy proceeds, and at that time mailed a copy of the Service Request Form his father completed on October 26, 2010 to American General. *Id.* at 11. Plaintiff sent a second letter on July 11, 2011, again inquiring as to the status of the policy proceeds and seeking a copy of the "request to change beneficiaries" his father had sent to the insurer in October 2010.[2]    *Id.*

American General replied via letter on July 27, 2011, which is attached to the Amended Complaint, stating that it had not received the Service Request Form dated October 26, 2010, until after Plaintiff's father's death. *Id.*, Ex. E, 7/27/11 Letter from N. Sanders to Patrick Page. In fact, the insurer informed Plaintiff that it had not received a copy of the October 26, 2010, Service Request Form until it had received Plaintiff's June 13, 2011, letter. *Id.* By that time, the insurer had already distributed the funds from the policy to the originally named beneficiaries on file. *Id.* The letter further noted that the insurer would provide additional information regarding beneficiary designations and claims payments to the executor of Plaintiff's father's estate upon receipt of letters testamentary. *Id.* Plaintiff contends that this response was "false and misleading," as the insurer's October 13, 2010, letter to Plaintiff's father indicated that it had previously received a request to change beneficiaries from him. *Id.* at 11–12.

## Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court accepts as true all well-pleaded factual allegations and resolves all reasonable

---

[2]This is an apparent reference to the alleged "first" change-of-beneficiaries form submitted by Plaintif's father to American General, although Plaintiff's Amended Complaint alleges that request was made in September 2010, not October 2010.

inferences in favor of the plaintiff. *Echevarria v. Chi. Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001). The key question is whether the complaint states a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## <u>Analysis</u>

Defendant argues that Plaintiff has pleaded himself out of court because his complaint and the attachments thereto conclusively demonstrate that American General did not receive the Service Request Form allegedly executed by Plaintiff's father on October 26, 2010, until almost eight months after his death. American General argues that, under these circumstances, the insured did not comply with the terms of the policy and it is not liable because it had not received and acknowledged in writing any request for a change in beneficiary prior to making payments to the originally named beneficiaries.

American General first contends there was no "first" request to change beneficiaries. According to Defendant, the language of the October 13, 2010, letter indicating that American General had received a request from Plaintiff's father to change his beneficiaries refers solely to an undated, handwritten letter from Plaintiff's father received in October 2010 asking that the insurer send him a beneficiary form. That letter is referenced in a footnote in American General's memorandum in support of its motion and attached as an exhibit to its reply brief.

This raises the issue of what documents the court may properly consider in deciding this motion to dismiss. Under Fed. R. Civ. P. 10(c), a copy of a written instrument that is attached to a pleading is considered a part of the pleading for all purposes. Additionally, documents attached to a motion to dismiss are considered part of the pleadings if they are concededly authentic, referenced in the plaintiff's complaint, and central to the claim. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th

Cir. 1994). In the instant case, the insurance policy, which was attached to American General's motion to dismiss, is such a document. Plaintiff's claim is premised upon this policy, and Plaintiff does not dispute its authenticity.

The undated, handwritten letter from Plaintiff's father poses a different set of circumstances. Clearly, it is relevant to Plaintiff's claim, but it was presented for the first time as an exhibit to Defendant's reply brief in support of its motion, and it is not authenticated in any way. Nor is there any evidentiary support for Defendant's argument that this handwritten letter was the only communication or request received from Plaintiff's father regarding a change in beneficiaries prior to his death. The Court's ability to consider documents attached to a motion to dismiss is meant to be a narrow one, and is not meant to blur the distinctions between a motion to dismiss and a motion for summary judgment. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). In this instance, the Court concludes that consideration of Plaintiff's father's handwritten note (and Defendant's argument that it represents the only communication from him regarding a change of beneficiaries prior to his death) would exceed the scope of the Court's review under Rule 12(b)(6).

The question, then, is whether the complaint, in light of the policy's terms, states a claim for relief. The policy provides, in relevant part:

**CHANGES TO OWNER, ANNUITANT OR BENEFICIARY**

**Beneficiary**. If you make a beneficiary change, the change will take effect on the date you sign the change request form. However, we are not responsible for any payment or other action taken before we have received and acknowledged in writing your change request.

*See* Single Premium Deferred Annuity Policy, Dkt. No. 22-1, at 5.

The policy also provides, in regard to death benefits:

**DEATH BENEFITS**

**Death of Owner Before Annuity Date**

The annuity value will be paid to the beneficiary upon the death of the owner before an income plan begins. Upon the death of a joint owner, the surviving joint owner, if any, will be treated as the primary beneficiary. Any other beneficiary designation on record at the time of death will be treated as a contingent beneficiary.

*See* Single Premium Deferred Annuity Policy, Dkt. No. 22-1, at 9.

In this diversity case, the parties agree that Illinois law governs the resolution of this dispute. To establish a breach of an insurance contract under Illinois law, Plaintiff must prove: (1) the existence of a valid, enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resulting injury to the plaintiff. *Allen v. Jackson Nat'l Life Distribs., LLC*, No. 12 C 9391, 2013 WL 1819927, at *3 (N.D. Ill. Apr. 30, 2013) (citing *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007)). If the contract is established for the benefit of a third-party, the third party may sue for breach of that contract in his or her own name. *Id.* (citing *Olson v. Etheridge*, 686 N.E.2d 563, 566 (Ill. 1997)).

Plaintiff contends that he is entitled to rely on the doctrine of substantial compliance.[1] In certain circumstances, an insured will be found to have successfully changed beneficiaries if the claimant can show: (1) a clear expression of the insured's intent to change beneficiaries; and (2) a concrete attempt by the insured to carry out his intentions as far as was reasonably within his power. *Minn. Life Ins. Co. v. Kagan*, 724 F.3d 843, 851–52 (7th Cir. 2013) (citing *Dooley v. James A. Dooley Assocs. Emp. Ret. Plan*, 442 N.E.2d 222, 227 (Ill. 1982)).

---

[1] In the alternative, Plaintiff also contends that his father strictly complied with the policy terms, either through the "first" request or the October 2010 Service Request Form.

The doctrine of substantial compliance, however, does not apply to the instant case, as that doctrine is limited to interpleader actions. *See Casey v. Am. Int'l Grp., Inc.*, No. 14 C 3541, 2014 WL 5073155, at **6–7 (N.D. Ill. Oct. 9, 2014) (declining to apply the doctrine of substantial compliance to a non-interpleader breach of contract suit). In *Casey*, the court observed that every Seventh Circuit case applying the substantial compliance doctrine has been an interpleader action in which there was no risk of the insurer having to pay out twice on the same policy. *See id.* at *6 n.2 (collecting cases, including *Kagan*, 724 F.3d at 846; *Aetna Life Ins. Co. v. Wise*, 184 F.3d 660, 661 (7th Cir. 1999); *Rendleman v. Metro. Life Ins. Co.*, 937 F.2d 1292, 1294 (7th Cir. 1991); *Conn. Gen. Life Ins. Co. v. Gulley*, 668 F.2d 325, 326 (7th Cir. 1982); *Cont'l Assurance Co. v. Platke*, 295 F.2d 571, 571 (7th Cir. 1961); *Criscuolo v. United States*, 239 F.2d 280, 281 (7th Cir. 1956); *John Hancock Mut. Life Ins. Co. v. Douglass*, 156 F.2d 367, 367 (7th Cir. 1946); and *Prudential Ins. Co. of Am. v. Moore*, 145 F.2d 580, 580 (7th Cir. 1944)). Given this, the *Casey* court held that the insurer was entitled to require strict compliance with the policy terms governing beneficiary changes. *Id.* at *7.

The position taken by the court in *Casey* is consistent with Illinois law. Specifically, Illinois courts have held that "[i]t is a well established rule that the right of an insured to change beneficiaries under an insurance policy is dependent upon the terms of such policy." *Kitchen v. N. Am. Accident Ins. Co.*, 118 N.E.2d 48, 49 (Ill. App. Ct. 1954). "Equally well recognized is the right of the insurer to require strict compliance with these terms by an insured seeking to make such change." *Id.* (internal citations omitted); *see John Alden Life Ins. Co. v. Propp*, 627 N.E.2d 703, 706 (Ill. App. Ct. 1994) ("As a general rule, when an insurance policy or annuity contract specifies a method for changing beneficiaries, that method is exclusive and a change by any other means is ineffectual."). When an insurer, by filing an interpleader action, brings the

proceeds of the policy into court and asks the court to decide the rights of the claimants, it waives strict compliance with the policy. *Kitchen*, 118 N.E.2d at 50. *Cf. Kurgan v. Prudential Ins. Co. of Am.*, 91 N.E.2d 620, 623–24 (Ill. App. Ct. 1950) (recognizing the right of an insurer to insist on strict compliance outside of the interpleader context).

In this case, American General has already paid the original beneficiaries of the policy, and it has not waived its right to demand strict compliance with the policy terms. Therefore, in order to recover, Plaintiff will have to show that his father strictly complied with the policy terms when requesting a change of beneficiaries. In its motion to dismiss, Defendant correctly points out that Plaintiff has admitted, in correspondence to an attorney attached to his complaint, that the October 26, 2010, Service Request Form was not received by American General until after Defendant paid the original beneficiaries. *See* Am. Compl., Ex. G, Letter from Patrick Page to Krasnow Saunders Cornblath Kaplan & Beninati LLP. Therefore, any beneficiary change would have to have been made pursuant to the alleged "first" change-of-beneficiary form in order to strictly comply with the policy terms.

As discussed above, Defendant argues that there simply was no "first" change of beneficiary form, and that the language in its October 13, 2010, letter to Plaintiff's father regarding "your request to change the beneficiary" and its need for "additional information" refers only to his undated letter requesting a change-of-beneficiary form. The evidence may indeed bear this out, but at this point there has been no opportunity for discovery, and it would be improper at this stage of the case for the Court to take into account the unauthenticated letter from Plaintiff's father.[2]

_____

[2] Defendant opines that it is doubtful that the "first" change of beneficiary form exists because Plaintiff merely alleges its existence based "upon information and belief." Am. Compl.

Defendant additionally contends that Plaintiff's Amended Complaint is deficient because it fails to allege that American General acknowledged a beneficiary change in writing, as required by the policy. But, even if American General is correct that Plaintiff must offer proof of such an acknowledgment, Plaintiff is not required at the pleading stage to allege every detail demonstrating a right to relief. *See Allen*, 2013 WL 1819927, at \*3. Therefore, Defendant's motion to dismiss is denied as to Count I.

With regard to Count II, Defendant contends it does not give fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555. But Plaintiff identifies the claim as one brought under Section 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/155, and Defendant's memorandum in support of its motion shows that it recognized the claim as such. Section 155 provides a remedy for policyholders in circumstances where an insurer's refusal to recognize liability and pay a claim is vexatious and unreasonable. *See Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 901 (Ill. 1996). Although Plaintiff's Amended Complaint does not identify the correct remedy for a violation of Section 155, it provides fair notice to Defendant as to the nature of his claim. Therefore, Defendant's motion to dismiss is likewise denied as to Count II of Plaintiff's Amended Complaint.

---

at 8. Allegations cannot be faulted for their reliance on "information and belief" when such allegations concern matters peculiarly within the knowledge of the defendants, as any communications between Plaintiff's father and Defendant would necessarily be in this case. *See Simonian v. Blistex, Inc.*, No. 10 C 1201, 2010 WL 4539450, at \*\*7–8 (N.D. Ill. Nov. 3, 2010) (citing *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005)).

**<u>Conclusion</u>**

For the reasons stated herein, the Court denies Defendant American General Life Insurance Co.'s motion to dismiss [21]. Defendant shall file an answer to the Amended Complaint within fourteen days of the date of this order.

**SO ORDERED**                    **ENTERED: 12/11/14**

_____
**John Z. Lee**
**United States District Judge**